E-FILED
Tuesday, 16 July, 2013  04:49:34 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONDA J. LEEZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-3267 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff Ronda J. Leezer appeals the denial of her application for Supplemental Security Income (Disability Benefits) under Title XVI of the Social Security Act.  42 U.S.C. §§ 405(g), 1381a, 1382c, and 1383(c). Leezer has filed a Brief in Support of Motion for Summary Judgment (d/e 10), and Defendant Acting Commissioner of Social Security (Commissioner) has filed a Motion for Summary Affirmance (d/e15).[1]  The parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before this Court.  Consent to Proceed Before a United States Magistrate and Order of Reference, entered March 1, 2013 (d/e 11).  For the reasons set forth below, the Decision of the Commissioner is REVERSED and REMANDED.

---

[1] Carolyn Colvin is now Acting Commissioner of Social Security.  Motion for Summary Affirmance, at 1 n.1.  Colvin is, therefore, automatically substituted in as the Defendant in this case.  Fed. R. Civ. P. 25(d).

## STATEMENT OF FACTS

Leezer was born on November 17, 1959.  She completed the eleventh grade and subsequently secured a GED.  Leezer suffers from coronary artery disease post bypass surgery in 2001, and post placements of stents in 2007, 2009, and 2010; hypertension; peripheral vascular disease with edema; depressive disorder; peptic ulcer; and post left ankle fracture with remaining hardware.  Answer to Complaint (d/e 7), attached Certified Record of Proceedings before the Social Security Administration (R.), at 25, 51-52.  She applied for Disability Benefits on April 17, 2009.  R. 25.  She previously worked as a hand packager, lubrication servicer, and machine presser.  R. 51.

On September 2, 2009, state agency physician Dr. Michael Nenaber, M.D., prepared a Residual Functional Capacity Assessment for Leezer.  R. 365-72.  Dr. Nenaber opined that Leezer could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours and sit for six hours in an eight-hour work day; and only occasionally climb.  R. 365-69.  Dr. Nenaber opined that Leezer had no other limitations on her residual physical function capacity.  R. 366-69.  Dr. Nenaber also stated that Leezer was only partially credible in her claims of disabling

symptoms, noting that Leezer mowed her lawn, cared for a dog, drove, and went shopping.  R. 370.

On December 7, 2009, Leezer saw cardiologist Dr. Syed Samee, M.D., for a cardiac workup.  Dr. Samee ordered a stress test.  R. 420-21. After reviewing the test results, Dr. Samee diagnosed Leezer with angina pectoris with evidence of reversible myocardial ischemia.  Dr. Samee recommended a diagnostic coronary angiography with possible intervention.  R. 419.

On January 14, 2010, Leezer underwent the recommended coronary angiography.  Dr. Samee found double vessel disease of the left anterior descending and circumflex arteries and an occluded saphenous vein graft. Dr. Samee inserted a stent into the circumflex.  R. 395-98.

On January 29, 2010, state agency physician Dr. James Madison, M.D., affirmed Dr. Nenaber's conclusions in the September 2, 2009, Residual Functional Capacity Assessment.  R. 385-87.

Throughout 2010, Leezer saw Certified Nurse Practitioner Julie A. Barry regularly for her primary care and follow up.  Barry worked at the Blessing Hospital Clinic in Quincy, Illinois.  Leezer had started seeing Barry on October 14, 2009.  R. 373-84; 402-03; 411-12; 414; 422-48; 453-87; 499-528; 539.

On December 13, 2010, Barry completed a Medical Source Statement concerning Leezer's condition.  Barry opined that Leezer could lift and/or carry less than ten pounds frequently; could stand, walk, or sit without any limitations; could only occasionally climb, kneel, crouch, crawl, or stoop; and had limited ability to push and pull.  R. 536-37.  Barry further opined that Leezer should have limited exposure to noise, dust, and vibration.  R. 539.  Barry stated, "Ronda experiences chest pain with physical exertion, i.e., lifting, pushing, or pulling weight > 10 lb."  R. 537. Barry stated that Leezer indicated that her disability started on February 13, 2009.  Barry stated that she could not confirm that date.  Barry stated that she first saw Leezer in October 2009.  R. 539.

On June 2, 2011, the Administrative Law Judge (ALJ) conducted an evidentiary hearing.  R. 48-74.  Leezer and vocational expert Amy Kutschbach testified at the hearing.  The ALJ asked Kutschbach a series of hypothetical questions about a person of Leezer's age, education, work experience, with the exertional capacity to perform a limited range of light work, i.e., the ability to lift twenty pounds occasionally and ten pounds frequently.  See 20 C.F.R. 416.967(b).  R. 68-72.

On June 24, 2011, the ALJ issued her decision.  R. 25-42.  The ALJ followed the five-step analysis set forth in Social Security Administration

Regulations (Analysis).  20 C.F.R. §§ 404.1520, 416.920.  Step 1 requires that the claimant not be currently engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If true, Step 2 requires the claimant to have a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If true, Step 3 requires a determination of whether the claimant is so severely impaired that she is disabled regardless of the claimant's age, education and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).  To meet this requirement at Step 3, the claimant's condition must meet, or be medically equivalent to, one of the impairments specified in 20 C.F.R. Part 404 Subpart P, Appendix 1 (Listing).  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments, or combination of impairments, do not meet or equal a Listing, then the ALJ proceeds to Step 4.

If the claimant is not so severely impaired, then Step 4 requires the claimant not to be able to return to her prior work considering her age, education, work experience, and Residual Functional Capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant cannot return to her prior work, then Step 5 requires a determination of whether the claimant is disabled considering her RFC, age, education, and past work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The claimant has the burden of presenting evidence and proving the issues at the first four steps.  The

Commissioner has the burden on the last step; the Commissioner must show that, considering the listed factors, the claimant can perform some type of gainful employment that exists in the national economy. <u>Briscoe ex rel. Taylor v. Barnhart</u>, 425 F.3d 345, 352 (7th Cir. 2005); <u>Knight v. Chater</u>, 55 F.3d 309, 313 (7th Cir. 1995).

The ALJ found that Leezer met her burden at Steps 1 and 2.  The ALJ found that Leezer has not engaged in substantial gainful activity from the date of her application on April 17, 2009, and that she suffered severe impairments from coronary artery disease, hypertension, peripheral vascular disease, and depressive disorder.  R. 27.  At Step 3, the ALJ found that Leezer's condition did not meet any Listing.  The ALJ considered the Listings for ischemic heart disease, peripheral artery disease, and affective disorder which included depressive disorders.  Listings 4.04, 4.12, and 12.04.  R. 27-28.

At Step 4, the ALJ found that Leezer had the RFC to perform light work in which she can sit or stand at her own option, she can only occasionally climb, and she can only perform tasks that require simple, one- and two-step instructions.  R. 30.  The ALJ relied on evidence in the record including the opinions of Drs. Nenaber and Madison.  R. 40.

The ALJ did not rely on Barry's opinion that Leezer was limited to lifting and carrying less than ten pounds.  The ALJ stated that Barry, "was unable to certify these limitations had been in place as of February 13, 2009, as she first saw the claimant in October 2009."  R. 40.  The ALJ further explained,

> [M]s. Barry did recommend a restriction of 10 pounds lifting, pushing, and pulling, which, at this time, is supported by her own treatment notes or those of Dr. Samee, the claimant's cardiologist.  As described throughout the decision, the claimant's symptoms do not appear at this level throughout the adjudicative period.  The undersigned, therefore, has given this opinion little weight.

R. 40.  At Step 4, the ALJ found that Leezer could not perform her past relevant work.  The ALJ based this conclusion on Leezer's RFC and vocational expert Kutschbach's testimony.  R. 41.

At Step 5, the ALJ found that Leezer could perform a significant number of jobs in the national economy.  The ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and the testimony of vocational expert Kutschbach.  R. 41-42.

Leezer appealed the decision.  On August 3, 2012, the Appeals Council denied Leezer's request for review.  The ALJ's decision then became the final decision of the Commissioner.  R. 1.  Leezer then filed this action for judicial review.

3:12-cv-03267-BGC   # 17   Page 8 of 12

## ANALYSIS

This Court reviews the Decision of the Commissioner to determine whether it is supported by substantial evidence.  In making this review, the Court considers the evidence that was before the ALJ.  <u>Wolfe v. Shalala</u>, 997 F.2d 321, 322 n.3 (7th Cir. 1993).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate" to support the decision.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  This Court must accept the findings if they are supported by substantial evidence, and may not substitute its judgment.  <u>Delgado v. Bowen</u>, 782 F.2d 79, 82 (7th Cir. 1986).  This Court will not review the credibility determinations of the ALJ unless the determinations lack any explanation or support in the record.  <u>Elder v. Astrue</u>, 529 F.3d 408, 413-14 (7th Cir. 2008).  The ALJ must articulate at least minimally her analysis of all relevant evidence.  <u>Herron v. Shalala</u>, 19 F.3d 329, 333 (7th Cir. 1994).  The ALJ must "build an accurate and logical bridge from the evidence to his conclusion."  <u>Clifford v. Apfel</u>, 227 F.3d 863, 872 (7th Cir. 2000).

In this case, the ALJ did not build an accurate and logical bridge from the evidence to her conclusion.  Specifically, the ALJ found that Barry's opinion that Leezer could only lift less than ten pounds was supported by her own treatment notes and the treatment notes of Leezer's cardiologist,

Page **8** of **12**

Dr. Samee.  Yet, the ALJ did not consider this opinion because the opinion

did not cover the entire adjudicative period.  The ALJ seemed to assume

that Leezer must prove she was disabled for the entire period from her

application date, April 17, 2009, to the date of the ALJ's decision.  This is

incorrect.  Leezer must prove that she is disabled from medically

determinable impairments that can be expected to result in death or that

has lasted or can be expected to last for a continuous period of not less

than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  The onset date of the

disability can be after the application date.  See SSR 83-20, at 1 ("[T]he

only instances when the specific date of onset must be separately

determined for a title XVI case is when the onset is subsequent to the date

of filing or when it is necessary to determine whether the duration

requirement is met.").

       In this case, the ALJ's findings may indicate that Leezer's ability to lift

and carry deteriorated during the pendency of her application.  The ALJ

relied, in part, on Dr. Nenaber's September 2009 opinion that Leezer could

lift twenty pounds occasionally and ten pounds frequently.  The ALJ,

however, also found that Barry's December 2010 opinion that Leezer could

only lift less than ten pounds was supported by her treatment records and

the records of Dr. Samee.  The ALJ also found that Barry's opinion did not

apply throughout the adjudicative period.  These findings may indicate that Leezer's ability to lift and carry deteriorated from September 2009 to December 2010, and at some point Leezer could not lift more than ten pounds.

Given these findings, the ALJ must address whether Leezer became disabled while her application was pending.  The ALJ must determine the date by which Leezer's ability to lift and carry deteriorated to less than ten pounds (Lifting Limitation Date).  See SSR 83-20 for a discussion of the methods used to make this decision.  The ALJ must also determine whether Leezer's less-than- ten-pounds limitation lasted or could be expected to last for a continuous period of not less than twelve months, pursuant to 42 U.S.C. § 1382c(b)(3)(A) (the Duration Requirement).

If Leezer's less-than-ten-pounds limitation met the Duration Requirement, the ALJ must determine whether Leezer was disabled on and after the Lifting Limitation Date.  The ALJ must resolve these issues before she has sufficiently analyzed all of the relevant evidence and built an accurate and logical bridge from the evidence to her conclusions.

The Commissioner argues that the ALJ effectively found that Leezer's condition improved from the time that she was limited to lifting less than ten pounds,

> While Leezer may have been limited to lifting 10 pounds around
> the time of her January 2010 surgery, the ALJ found that the
> evidence did not support that limitation for most of the period
> that Leezer claimed to be disabled. . . .  Leezer . . . had
> successful heart surgery in January 2010 and in the following
> months her heart complaints mostly resolved.  Although Leezer
> had issues with edema and anemia, those conditions were
> remedied through medication and dietary changes.  Therefore,
> the ALJ reasonably found that Ms. Barry's lifting limitation was
> entitled to little weight.

Memorandum in Support of Defendant's Motion for Summary Affirmance

(d/e 16), at 12 (citations to the record omitted).   The problem with this

argument is that Barry issued her opinion in December 2010, eleven

months after the January 2010 cardiac angiography.  Thus, the less-than-

ten-pound limitation on lifting and carrying may have extended for at least

eleven months after the January 2010 procedure.  The ALJ found that

Barry's opinion was supported by her treatment notes and Dr. Samee's

treatment notes.   Thus, contrary to the contention of the Commissioner,

the ALJ did not explain whether less-than-ten-pounds limitation on lifting

and carrying was temporary or met the Duration Requirement.

Rather, the ALJ rejected Barry's opinion because it did not extend

throughout the adjudicative period.  R. 40.  That was error.  The fact that

Barry's opinion did not cover the entire adjudicative period may only mean

that the disability started on some date after Leezer filed her application.

The onset of a disability may occur after the date that an application is filed.

<u>See</u> SSR 83-20.  The ALJ must determine whether the less-than-ten-pound lifting limitation met the Durational Requirement, and if so, when the limitation started and whether Leezer was disabled as a result of the lifting limitation.  The matter must be remanded for further proceedings to resolve these issues.

WHEREFORE Plaintiff Ronda J. Leezer's Brief in Support of Motion for Summary Judgment (d/e 10) is ALLOWED, and Defendant Acting Commissioner of Social Security's Motion for Summary Affirmance (d/e15) is DENIED.  The decision of the Commissioner is reversed and remanded pursuant to 42 U.S.C. § 405(g) sentence four.  All pending motions are denied as moot.  THIS CASE IS CLOSED.

ENTER:    July 16, 2013


_____*s/ Byron G. Cudmore*_____
UNITED STATES MAGISTRATE JUDGE